UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROGER GRACE,

     Plaintiff,

v.                                                                              Case No. 3:22cv1381-LC-HTC

BOARD OF COUNTY COMMISSIONERS,
  ESCAMBIA COUNTY JAIL ADMINISTRATION, and
  ESCAMBIA COUNTY JAIL HEALTHCARE PROVIDER,

     Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Roger Grace, a prisoner at the Escambia County Jail ("Jail")

proceeding *pro se*, initiated this action by filing a civil rights complaint pursuant to

42 U.S.C. § 1983 seeking only injunctive relief based on various conditions of

confinement at the Jail.  ECF Doc. 1.  The matter was referred to the undersigned

Magistrate Judge for preliminary screening and report and recommendation pursuant

to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).  Because Plaintiff has failed to

respond to this Court's orders requiring him to file a motion to proceed *in forma*

*pauperis* or pay the filing fee, failed to update this Court with his current address,

and failed to file an amended complaint, the undersigned respectfully recommends

this case be dismissed without prejudice for failure to prosecute and failure to

comply with an order of the Court.  Also, because Plaintiff has been released and

sought only injunctive relief at the Jail, the undersigned recommends that this case

be dismissed as MOOT as well.

I.    **FAILURE TO COMPLY WITH COURT ORDERS, FAILURE TO PROSECUTE AND FAILURE TO KEEP THE COURT APPRISED OF HIS ADDRESS**

Plaintiff did not date or sign his complaint under penalty of perjury, did not

date or sign the certification of mailing, and did not file a motion to proceed *in forma*

*pauperis* or pay the Court's $402.00 filing fee.  Thus, on February 9, 2022, the Court

directed Plaintiff to cure these deficiencies and gave Plaintiff twenty-one (21) days

to do so.  ECF Doc. 3.  Plaintiff was advised that failure to comply with the Court's

order may result in a recommendation that this case be dismissed for failure to

prosecute.  The time to respond to the Court's order passed without a response from

Plaintiff.

Additionally, according to the Jail's electronic inmate locator database,[1]

although the Court's February 9 order was not returned undeliverable, it appears

---

[1] Plaintiff's Jail and Escambia County Court records are available at these Internet addresses: http://inmatelookup.myescambia.com/smartwebclient/jail.aspx and http://public.escambiaclerk.com/BMWebLatest/Home.aspx/Search (both last accessed March 23, 2022).  A federal court may properly take judicial notice of state court dockets.  *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 652 (11th Cir.), *cert. denied sub nom. Paez v. Inch*, 141 S. Ct. 309 (2020); Fed. R. Evid. 201(b)(2).  Thus, as an initial matter, the undersigned will take judicial notice of Plaintiff's state court and Jail records.

Case No. 3:22cv1381-LC-HTC

Plaintiff was released from custody on February 19, 2022.  Plaintiff, however, has

not updated the Court with a current address as he is required to do.

On March 8, 2022, the Court ordered Plaintiff to show cause whether he

wished to continue prosecuting this case now that he is no longer at the Jail.  ECF

Doc. 4.  The Court also ordered Plaintiff (1) to provide a notice of change of address

so the Court may update his address accordingly and (2) to comply with this Court's

February 9, 2022, Order.  The Court warned that if Plaintiff did not timely respond

to the show cause order, the undersigned would recommend the case be dismissed

for failure to prosecute.   The clerk sent the March 8 order not only to the last

address supplied by Plaintiff (the Escambia Jail) but also to the forwarding address

identified on the Escambia Jail online inmate database.

The March 8 show cause order was returned undeliverable from both the Jail

and from the forwarding address.  Plaintiff has therefore failed to keep the Court

apprised of his current address, failed to comply with court orders and has failed to

prosecute this case.  Each of these deficiencies is, independently, a basis for

dismissal of this case.  A district court may dismiss an action for a plaintiff's failure

to provide the Court with their current address.  *See Gilbert v. Daniels*, 725 F. App'x

789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause

[plaintiff] failed to update the court of his address change or his detention, and that

failure led to [his] lack of compliance with the order to amend his complaint.");

*McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

A district court may also dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

## II.   PLAINTIFF'S COMPLAINT IS MOOT

An additional, alternative reason to dismiss Plaintiff's complaint is that it has become moot because Plaintiff has been released.  As stated above, Plaintiff seeks only injunctive relief, namely "to have Escambia County Correction and Board of County Commissioners fix these issues that have been going on for more than 2 years now."  ECF Doc. 1 at 7.  "A prisoner's transfer or release from a correctional facility generally will moot his claims for injunctive relief in a § 1983 action."  *Owens v. Centurion Med.*, 778 F. App'x 754, 758–59 (11th Cir. 2019) (citing *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (noting that, in this circumstance, there is no longer a "case or controversy once the inmate has been transferred")); *see also Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Past exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects.").

At the time he filed the initial complaint, Plaintiff was a serving a 180-day sentence in Escambia County case no. 2021 CF 001700 which he has now fully served.  Thus, his return to the Jail to face the same conditions is dependent upon him being rearrested and rebooked into the Jail.  This is too speculative a risk to support injunctive relief.  *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985) (holding that a prisoner's claim for injunctive relief was moot since he was no longer

being held in the jail with the conditions he had challenged and the risk of being sent back to that jail, and suffering from the threatened injury, was too speculative. Therefore, the complaint should also be dismissed as moot.

## III.   CONCLUSION

Accordingly, it is respectfully RECOMMENDED:

1.   That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute, failure to comply with a Court order, failure to keep the Court apprised of his address, and because the case is now MOOT.

2.   That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of March, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.